UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIMMIE L. DOSS, JR., <br> Plaintiff, <br> v. <br> CORRECTIONAL OFFICER VEGA, et al., <br> Defendants. | Case No. 17-CV-01218 LHK (PR) <br><br> **ORDER DENYING MOTION TO SUPPLEMENT THE COMPLAINT; DENYING MOTION TO SUSPEND THE CASE; SUA SPONTE GRANTING EXTENSION OF TIME TO FILE OPPOSITION** <br><br> Re: Dkt. Nos. 23, 29 |

Plaintiff, a California state prisoner proceeding *pro se*, has filed a civil rights complaint under 42 U.S.C. § 1983. Plaintiff has filed a motion to amend and add additional claims and defendants to his complaint. The court construes the motion as a motion to supplement the complaint.[1] Defendants have filed an opposition. Plaintiff has also filed a motion to suspend the

---

[1] An amended complaint supersedes the original, the latter being treated thereafter as non-existent. *Ramirez v. Cty. of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015). Consequently, claims not included in an amended complaint are no longer claims and defendants not named in an amended complaint are no longer defendants. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). If plaintiff's motion were a true motion to amend, the claims presented in his original complaint would no longer be claims.

case for medical reasons. Defendants have filed an opposition. For the reasons that follow, the court denies the motion to supplement the complaint, denies the motion to suspend the case, but sua sponte grants plaintiff an extension of time within which to file an opposition.

In the original complaint, the court found that plaintiff had stated cognizable claims that in February 2017, defendants Correctional Officers Vega, A. Leia, R. Ambriz, Domingez, Nurse Armstrong, and Warden Muniz violated plaintiff's right to be free from excessive force and exercised deliberate indifference to plaintiff's health.

In the motion to supplement the complaint, plaintiff wishes to add new defendants: Sergeant F.J. Covarrubias, Correctional Officer Rodriguez, Correctional Officer Carmona, Correctional Officer Madrid, and Correctional Officer E. Perez. Plaintiff alleges that on June 3, 2017, defendant Correctional Officer Domingez refused to feed plaintiff and then refused to allow plaintiff to go to the yard. Plaintiff requested to speak to a sergeant, but Domingez, Rodriguez, and Carmona denied his request and laughed at plaintiff. Plaintiff left his hands in the food slot to try to get the attention of a lieutenant. Ten minutes later, Domingez and Rodriguez approached plaintiff's cell and began pepper spraying plaintiff. Carmona ordered Covarrubias to spray plaintiff as well. About a minute later, a sergeant ordered them to stop, and all the officers walked away. After another ten minutes passed, Covarrubias, Domingez, Rodriguez, Madrid, Carmona, and Perez returned, and the sergeant ordered Domingez, Madrid, and Perez to pepper spray plaintiff again. Then, Covarrubias ordered Perez and Madrid to break plaintiff's hands, so Perez and Madrid began striking plaintiff hands with the pepper spray cans and caused a gash in plaintiff's right ring finger and cut the back of plaintiff's hand. Corvarrubias later ordered the officers to leave. Ten minutes later, all the officers returned, and Perez and Covarrubias placed a black can at the bottom of plaintiff's cell door, which released a fog spray into plaintiff's cell. While the fog was spraying into plaintiff's cell, Correctional Officer Franco and Domingez struck plaintiff's hands and wrist. Plaintiff let go of the food slot because he was in pain and unable to

breathe.  Corvarrubias closed the flood slot and left plaintiff in the contaminated cell.

Plaintiff's motion to supplement the complaint will be denied without prejudice for several reasons.  Federal Rules of Civil Procedure 18 and 20 require proper joinder of claims and defendants.  Under Rule 20 of the Federal Rules of Civil Procedure, a plaintiff may join any persons as defendants if: (1) any right to relief asserted against the defendants relates to or arises out of the same transaction, occurrence, or series of transactions or occurrences; and (2) there is at least one question of law or fact common to all the defendants.  Fed. R. Civ. P. 20(a); *Coughlin v. Rogers*, 130 F.3d 1348, 1351 (9th Cir.1997).  Once a defendant is properly joined under Rule 20, the plaintiff may join, as independent or alternative claims, as many claims as he has against that defendant, irrespective of whether those additional claims also satisfy Rule 20.  *See* Fed. R. Civ. P. 18(a); *Intercon Research Assoc., Ltd. v. Dresser Indus. Inc.*, 696 F.2d 53, 57 (7th Cir. 1982) ("[J]oinder of claims under Rule 18 becomes relevant only after the requirements of Rule 20 relating to joinder of parties has been met with respect to the party against whom the claim is sought to be asserted; the threshold question, then, is whether joinder of [a defendant] as a party was proper under Rule 20(a)").

The only defendants remaining in this case are Ambriz and Muniz.[2]  These defendants are different from the newly named defendants, and the claims alleged in plaintiff's motion involve different transactions and occurrences.  Thus, the facts alleged in plaintiff's motion to supplement violate Rules 18 and 20.  If plaintiff believes he may somehow comply with Rules 18 and 20, he may re-file a motion to supplement the complaint explaining how the newly alleged facts and defendants do not violate Rules 18 and 20.

In addition, these new events occurred on June 3, 2017.  Plaintiff mailed his motion to supplement on June 18, 2017.  It is unlikely that plaintiff has exhausted these claims by filing

---

[2] Defendants Armstrong, Vega, Domingez, and Leia were dismissed on August 31, 2017 under Federal Rule of Civil Procedure 4(m).  Dkt. No. 27.

Case No. 17-CV-01218 LHK (PR)
ORDER DENYING MOTION TO SUPPLEMENT THE COMPLAINT; DENYING MOTION TO SUSPEND THE CASE; SUA SPONTE GRANTING EXTENSION OF TIME TO FILE OPPOSITION
3

administrative grievances at each level available at the prison. Should plaintiff re-file a motion to supplement the complaint, he should set forth the dates upon which he filed his grievances relating to these new claims, and the dates upon which each level of the administrative process issued its decision.

Finally, the court notes that plaintiff has been charged with a rules violation report ("RVR") in connection with the alleged events. The RVR charged plaintiff with assault on a peace officer resulting in the use of force. The court does not know the outcome of the RVR hearing, but, if plaintiff was found guilty of that charge, his claim of excessive force may be barred by *Heck v. Humphrey*, 512 U.S. 477, 486 (1994). *Heck* provides that in order to recover damages for an allegedly unconstitutional conviction, or for other harm caused by actions which would render a conviction or sentence invalid, a plaintiff must prove that his conviction or sentence is no longer valid, as a precondition to bringing suit. "[A]n allegation of excessive force by a police officer would not be barred by *Heck* if it were distinct temporally or spatially from the factual basis for the person's conviction." *Beets v. County of Los* Angeles, 669 F.3d 1038, 1042 (9th Cir. 2012). But, "where a prison disciplinary action "arising out of the same facts and is fundamentally inconsistent with the unlawful behavior for which section 1983 damages are sought, the 1983 action must be dismissed." *Cunningham v. Gates*, 312 F.3d 1148, 1153 (9th Cir. 2002). Should plaintiff re-file a motion to supplement, he should inform the court of the disposition of the RVR hearing, and preferably include a copy of the disposition.

Plaintiff has also filed a motion to suspend the case for medical reasons. Plaintiff states that he has been committed to a mental health crisis bed since July 19, 2017, and has been unable to prepare a defense. Defendants oppose an indefinite suspension of the case. The court agrees that it will not hold this case in abeyance indefinitely. Plaintiff's motion is denied. However, the court will sua sponte grant plaintiff a thirty-day extension within which to file an opposition to defendants' motion for summary judgment and motion to dismiss, which were filed on September

Case No. 17-CV-01218 LHK (PR)
ORDER DENYING MOTION TO SUPPLEMENT THE COMPLAINT; DENYING MOTION TO SUSPEND THE CASE; SUA SPONTE GRANTING EXTENSION OF TIME TO FILE OPPOSITION

4

1 | 19, 2017. Defendants' reply shall be due fourteen days thereafter.

## CONCLUSION

Plaintiff's motion to supplement the complaint is denied without prejudice. Plaintiff's motion to suspend the case is denied. Plaintiff's opposition to defendants' motion for summary judgment and motion to dismiss shall be filed no later than thirty days from the filing date of this order. Defendants' reply is due fourteen days thereafter.

It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the court and all parties informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so will result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

DATED: 10/24/2017

*Lucy H. Koh*
LUCY H. KOH
UNITED STATES DISTRICT JUDGE